MAUPIN, *Appellant*, v. GRADY.

Equity; VENDOR'S LIEN: INFANCY. The trustee in a deed of trust given to secure a debt, being about to sell the land for default of payment, the defendant R., who was at the time a minor, agreed with the creditor that if A. would buy at $300 or more, he would give his note for the balance of the debt. A. bought at $300, and paid the purchase money, which was applied upon the debt. R. then executed his note according to the agreement. Afterward, R.

having become of age, A. sold and conveyed the land to him.  R.'s note being unpaid, this action was brought to obtain a personal judgment against him, and to subject the land to its payment.  *Held,* that it would not lie.  The creditor was not entitled to a vendor's lien ; for the land was fully paid for by A.  Neither could the principle be applied, that infancy cannot be invoked as a defense so long as the party holds on to the fruit of the contract; for the note was not given for the land.

*Appeal from Howard Circuit Court.*—HON. G. H. BURCK-HARTT, Judge.

AFFIRMED.

At the date of the sale by McCorkle, trustee, R. G. Maupin was the owner of the note for $386.25, secured by the deed of trust.

*J. M. Reid* for appellant.

*Herndon & Herndon* for respondent.

HENRY, J.—The petition states that, by their promissory note, dated February 2nd, 1874, the defendants promised to pay plaintiff's intestate $127.65, one day after its date, with interest at the rate of ten per cent per annum, and that said note was given for the payment of part of the purchase money for the following described real estate in Howard county, to-wit: north part of the west half of the northwest quarter of section 19, township 50, range 17, containing about sixty-six acres.  Plaintiff asks judgment for the amount of the debt, and that the land be subjected to sale for its payment.  The separate answer of Robt. S. Grady, one of the defendants, denied that the note was given for the payment of the purchase money for the land described in the petition or any part thereof, or that plaintiff's intestate ever sold said land to defendants or either of them ; alleges that the note was fraudulently obtained from defendants, and pleads his infancy at the date of the note as a defense.  The separate answer of Char-

lotte Grady, the other defendant, is to the same effect, except as to fraud and infancy. The reply denied the allegations in each of the separate answers. There was a finding and judgment for plaintiff against Charlotte Grady for the amount of the note, and in favor of Robt. S. Grady for costs. From that judgment the administrator has appealed.

On the 21st day of March, 1870, John and Charlotte Grady executed a deed of trust conveying to John McCorkle, the interest they then had or should afterward " acquire, in and to the real estate of William Grady, deceased, or any other part of the estate that may ever belong to, or come to us in anywise." This was a trust deed to secure a promissory note executed November 19th, 1869, by the grantors and R. G. Maupin, the plaintiff's intestate, for $386.25, payable one day after its date to Otho Ashcraft. In default of payment the trustee was empowered to sell, &c. On the 2nd day of February, 1872, the trustee sold the land described in said deed at public sale, in pursuance of the terms of the deed, and Otho Ashcraft purchased it at the price of $300, which was less than the debt by $127.-65, the exact amount of the note executed to R. G. Maupin by the defendants herein. The interest of Charlotte Grady in the land sold was her dower as widow of William Grady, deceased, and the interest of John, the other grantor in said deed of trust, was one-fifth, subject to his mother's dower estate. Charlotte was an old lady sixty years of age, and she and Robert before the sale agreed with Rice G. Maupin, plaintiff's intestate, to give him their note for the balance of the debt, if Ashcraft purchased the land at $300, or more. Ashcraft paid the amount of his bid and received a deed for the land. He was a son-in-law of Mrs. Grady and guardian of Robert S.; who was a minor at the date of the note here sued on. After he became of age Ashcraft sold and conveyed to him the land. There was no arrangement between Ashcraft and Robert and Charlotte Grady or either of them, that

Ashcraft should buy the land for them, or either of them. There is no principle of law which gives Maupin a vendor's lien on the land, for the money due him on the note of Charlotte and Robert Grady. When the land was sold under the deed of trust and purchased by and conveyed to Ashcraft, all of Maupin's interest therein was extinguished. The note was not given for the land. The entire purchase money for the land, $300, was paid by Ashcraft. The note executed by Robert and Charlotte Grady was given for the balance of the debt due on the note secured by the deed of trust, and not for the land, to which they acquired no right or title whatever. Robert was a minor and his defense of infancy was properly allowed. The doctrine that he cannot resist the payment of the note, while he holds the property for which it was given is not applicable; because the note was not given for property, but to pay the balance of a debt due from his brother John and his mother. The judgment of the circuit court is affirmed. All concur.